### Thomas D. Chilcote, Appellee, v. George W. Hughes, Appellant.

1. VARIANCES—*when objection comes too late.* An objection of variance first made in the Appellate Court comes too late.

2. APPEALS AND ERRORS—*when questions of law not preserved.* If a cause is tried by the court without a jury and no propositions of law are presented it will be assumed that the trial judge decided correctly all questions of law arising except those involved in his rulings upon the evidence.

Action in case for personal injuries. Appeal from the Circuit Court of Edgar county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1909. Affirmed upon remittitur. Opinion filed March 30, 1910.

H. S. TANNER and FRANK T. O'HAIR, for appellant.

SHEPARD & TROGDON, T. J. COFFMAN and STEWART W. KINCAID, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case by appellee, Chilcote, against appellant, Hughes, the village of Hume and one Wingfield, to recover damages for injuries alleged to have been received by appellee by reason of his falling through a coal-hole in the sidewalk adjacent to the premises of appellant in the village of Hume. The action was dismissed as to Wingfield before trial. A jury was waived and the case tried by the court, resulting in a judgment against appellant Hughes for $1,000 and in favor of his co-defendant the village of Hume.

The amended declaration consists of three counts. The first count charges in substance, that the defendant negligently caused a coal-hole to be improperly constructed in a certain sidewalk, so that the covering thereof was and remained in an unstable and dangerous condition for one to pass over. The second count charges that the defendant was the possessor and owner of certain premises in the village of Hume, which adjoined a public street; that there was an opening into the cellar or vault in front of the premises, in said street, the covering to which constituted a part of the sidewalk; that the owner of the premises negligently permitted such opening to be and remain insufficiently and defectively covered, whereby the sidewalk was in an unsafe condition, and that the village had notice thereof. The third count charges that the appellant was the possessor and owner of the premises; that at and before the date of the accident a certain vault opening into a cellar under the sidewalk of said street, led to and connected with the said premises of the defendant Hughes; that said hole was covered by a lid imper-

fectly made, and was then and there unsafe and inse-
cure.   In each count plaintiff alleged that he was exer-
cising due care and caution for his own safety, and his
injuries were received on account of the negligence of
the defendants as charged in such count.

The evidence shows that appellee was injured at
about eight o'clock in the morning of October 9, 1908,
as the result of falling through a coal-hole in the side-
walk in the village of Hume adjoining certain premises
occupied as a bank by the firm of George W. Hughes &
Company, which consisted of appellant and five others;
that the bank building extended along the line of the lot
and had been occupied by the partnership since the
year 1896; that when the concrete walk in question was
constructed in the year 1900, a hole about 20 inches in
diameter and lined with a grooved iron rim, in which
was placed an iron lid, was constructed for the con-
venience of the occupants of said premises in placing
coal in their cellar; that said lid was usually kept fas-
tened down by a chain attached to its under side; that
the lid did not fit the rim perfectly, in consequence of
which when the chain was unfastened or loosened the
lid could be easily turned or kicked aside; that in order
to loosen the chain and raise the lid, it was necessary
to go into the basement of the building, through the
banking room above.

The evidence further discloses that on the day prior
to the injury to appellee a teamster in the employ of
Wingfield, who was originally a defendant to the suit,
hauled a quantity of coal theretofore purchased by ap-
pellant, to the bank building, and was directed by one
of the members of the firm to unload the same through
the coal-hole into the vault; that the teamster pro-
ceeded to haul and unload the same until about four
o'clock in the afternoon, when he ceased work for the
day; that at about eight o'clock on the following morn-
ing, while appellee was walking along the sidewalk, he
stepped upon the lid, which turned up, throwing him

astride of it, causing the injuries for which he seeks to recover. We cannot say that the court was clearly unwarranted in finding that the teamster when he quit work, either failed to fasten or to secure tightly the lid and that such negligence was the proximate cause of the injuries to appellee. The finding of a trial judge to whom a cause is submitted for trial without a jury, is entitled to as much weight on controverted questions of fact, as the verdict of a jury, and will not be set aside by an appellate tribunal unless it is manifestly against the weight of the evidence. Podolski v. Stone, 186 Ill. 540.

We are of opinion that the evidence was sufficient to support the averments of the declaration, which stated in substance a good cause of action. The question of variance was not raised upon the trial, and cannot be urged for the first time in this court. No propositions of law were presented to the trial judge for his rulings, and we are therefore not required to determine whether or not he entertained correct views of the principles of law involved. It must therefore be assumed that all questions of law arising were correctly decided.

We are further of opinion, after a careful review of all the evidence, that the damages awarded are excessive. If appellee shall, within twenty days from the rendition of this judgment, remit the sum of $500 of the amount recovered by him in the trial court, the judgment will be affirmed; otherwise the same will be reversed and the cause remanded.

*Affirmed upon remittitur.*